UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EUGENE KENNETH JONES-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13CV43 SNLJ |
| | ) |
| GEORGE LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration of the dismissal of his complaint pursuant to 28 U.S.C. § 1915(g), pursuant to the "three strikes" provision of the statute.

Under § 1915(g), if a prisoner has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim, a Court may not grant a motion for leave to proceed in forma pauperis unless a plaintiff is "under imminent danger of serious physical injury." The Court reviewed plaintiff's litigation history and found that he had three prior cases that were dismissed under 28 U.S.C. § 1915(e)(2)(B). See Jones v. Joyce, 4:10CV369 FRB (E.D. Mo.); Jones v. Joyce, 4:09CV1972 CEJ (E.D. Mo.);and Jones v. Sayle, 4:98CV17 ERW (E.D. Mo.). After reviewing the allegations contained in the complaint and ascertaining that plaintiff was not in imminent danger of serious

physical injury, the Court dismissed the action pursuant to § 1915(g) on March 7, 2013.

Plaintiff asserts that his prior cases should not be counted as "strikes" under the statute, and he points this Court to an order from a Judge in the United States District Court for the Western District noting that the prior cases were "dismissed without prejudice." Plaintiff asserts that the Western District does not normally count a dismissal without prejudice as a strike. See Jones v. Webster, No. 10-4058-CV-C-NKL-P (W.D. Mo.) Docket Entry No. 84. Although the United States District Court for the Western District of Missouri may vary from this Court in their practices under § 1915(g), the Eighth Circuit, has held that "the text of § 1915(g) draws no distinction between dismissals with prejudice and dismissals without prejudice." Orr v. Clements, 688 F.3d 463, 465 (8th Cir. 2012). Thus, the Eighth Circuit has concluded that dismissals without prejudice may count as strikes under the statute. Id. This Court follows such a practice.

Plaintiff further asserts that one of the cases counted as a "strike" by this Court should not have been counted as a "strike," because it was dismissed as "Heck barred."[1] Plaintiff is again incorrect. Claims dismissed under Heck count as "strikes" under § 1915(g). See Armentrout v. Tryra, 175 F.3d 1023, 1999 WL

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

86355 (8th Cir. Feb. 9, 1999). Similarly, claims dismissed for statute of limitations grounds, as one of the cases cited above was, also count as a "strike" under § 1915(g). <u>See</u>, <u>e.g.</u>, <u>Nealy v. Kamas</u>, 2013 WL 140111, *2 (W.D. N.Y. Jan. 10, 2013); <u>Fullove v. Evan</u>, 2012 WL 6045352, *3 (S.D. Miss. Dec. 5, 2012).

Last, plaintiff asserts that the Western District's provisional grant of pauper status prior to transferring the case to this Court should override the Court's denial of his request for in forma pauperis status at the conclusion of this case. The very essence of a provisional ruling means that it may be changed after full review in the transferor Court. As such, plaintiff's argument is without merit.

In light of the aforementioned, plaintiff's motion for reconsideration of the dismissal of his action pursuant to 28 U.S.C. § 1915(g) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #10] is **DENIED**.

Dated this <u>17th</u> day of April, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

`